GUSTAVO QUIÑONES RIEDER, tercerista y apelante, *v.* ANGEL CUADRA MARTÍNEZ y JOSÉ J. GONZÁLEZ, demandados y apelados.

No. 5315.—*Sometido:* Marzo 6, 1931. *Resuelto:* Marzo 12, 1931.

*Angel M. Villamil,* abogado del apelante; *González Fagundo & González, Jr.,* abogados del apelado Cuadra Martínez.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En pleito seguido por Angel Cuadra Martínez contra José J. González en cobro de dinero fueron embargadas al demandado varias vacas, las que Gustavo Quiñones Rieder reclamó como suyas ante el márshal que hizo el embargo, estableciendo después la correspondiente demanda de tercería para que se declarase que son de su propiedad y queden libre del embargo. Celebrado el juicio correspondiente re-

cayó sentencia declarando que una de las vacas embargadas, que está marcada con las letras G. Q., es de la propiedad del tercerista y que éste no había probado la identidad de las otras vacas reclamadas.

Contra esa sentencia interpuso esta apelación el tercerista alegando como único motivo para que la revoquemos que la corte inferior cometió error craso en la apreciación de la prueba.

El embargo fué practicado el 26 de noviembre de 1927 y las seis vacas objeto del mismo fueron descritas por el márshal por sus colores, haciendo constar que una de ellas está marcada con las letras G. Q.

Para probar el tercerista su título a las vacas embargadas presentó en el juicio una escritura pública otorgada tres años antes, el 23 de julio de 1924, por la que compró 29 vacas y 10 novillas a José J. González Nieves y 23 vacas y 12 novillas a Ramón González Nieves, que suman 52 vacas y 22 novillas, estando marcados esos animales con letras, con excepción de tres vacas y de tres novillas, sin que la descripción de los seis últimos animales concuerde con la que tienen las vacas embargadas. El tercerista declaró en el juicio que de acuerdo con la escritura compró varias vacas a los señores González, 23 a uno y 10 al otro, cuando de ese documento aparece que fueron 29 y 10. También declaró que las vacas embargadas son de su propiedad y que eran novillas cuando las compró pero que cuando crecieron han cambiado de color alguas de ellas; que esas vacas las compró con las letras que aparecen en la escritura, que las marcó con sus iniciales y que llamó la atención al márshal sobre las marcas suyas nuevas que tenían las vacas embargadas. Sobre este extremo no fué interrogado el márshal cuando declaró en el juicio ni sobre si todas las vacas que embargó tenían marcas de letras. La prueba del demandante tendió a demostrar que esa escritura de compraventa de ganado fué otorgada cuando la obligación reclamada en el pleito

estaba vencida y que el comprador y los vendedores son cuñados.

Entendemos que la corte no ha cometido el error que se le atribuye, porque es prueba de gran peso en esta clase de reclamaciones las marcas que tenga el ganado, pues los colores pueden cambiar, como reconoció el tercerista, o ser erróneamente apreciados, y estando marcadas las vacas y novillas que, según la escritura compró el tercerista, quien según declaró le puso nuevas su marca, es muy significativo que sólo una de las vacas embargadas tuviera las iniciales G. Q. y que las demás no tuvieran marca alguna, según la descripción que hizo el márshal, quien según hizo constar que una vaca tenía marca lo hubiera hecho constar para las otras; y si fué un olvido de dicho funcionario, según alega el apelante, tal extremo debió aclararlo en el juicio y no lo hizo. Creemos con la corte inferior que el tercerista no justificó la identidad de las vacas que reclama como suyas, con excepción de una cuya propiedad le reconoce la sentencia apelada, *la que debe ser confirmada.*